Filed 8/11/23  P. v. Charles CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDWARD CHARLES III,<br><br>    Defendant and Appellant. | G061784<br><br>(Super. Ct. No. 94NF2611)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Edward Charles III filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1]  At the prima facie hearing on the petition, the trial court found Charles ineligible for relief as a matter of law and denied the petition. Appointed appellate counsel for Charles filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case.  Appellate counsel also asked this court to conduct an independent review of the record.  Charles was provided an opportunity to file a supplemental brief but did not do so.

Exercising our discretion, we have examined the entire record and we find no reasonably arguable issue.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)  We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, a jury found Charles guilty of one count of first degree murder (§ 187, subd. (a); count 2) and two counts of second degree murder (§ 187, subd. (a); counts 1 and 3).  The jury also found true the multiple murder special circumstance (§ 190.2, subd. (a)(3)).  Charles was sentenced to death on January 15, 1999.  On direct appeal to the California Supreme Court, the judgment was affirmed.  (*People v. Charles* (2015) 61 Cal.4th 308.)

In April 2022, Charles filed a petition for resentencing pursuant to section 1172.6.  Counsel was subsequently appointed at his request.  The People filed a response to the petition arguing it should be denied and counsel for Charles filed a brief in support of the petition.  At the prima facie hearing on the petition, both parties submitted on their briefs.  After a consideration of the briefs and the record of conviction, the trial court

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as section 1172.6.  All further statutory references are to the Penal Code.

found Charles had failed to establish a prima facie showing for relief. A statement of decision was later issued by the trial court. Charles appealed.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder '"to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request; the prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subds. (b)(1)-(3) & (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing. [Citation.]" (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

Here, the trial court considered the jury instructions and verdict forms, specifically noting Charles "was charged and tried alone for three murders." The jury was instructed on "express malice, making it clear that the People proceeded solely on a theory that [Charles] was the actual killer." The jury was not instructed on "the natural and probable consequences doctrine, nor is there any other reference to a theory in which malice could have been imputed to [Charles] solely based on his participation in the offense." The trial court concluded: "As such, the jury instructions and the jury's corresponding findings necessarily mean that the jury found [Charles] was the actual perpetrator who harbored specific intent to kill." Since the record of conviction established Charles was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

After an independent review of the entire appellate record, we find no arguable issues. We therefore affirm the trial court's order denying Charles postjudgment relief.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.

MOTOIKE, J.

WE CONCUR:

MOORE, P.J.

SANCHEZ, J.

4